J-S25041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL GEORGE DEEP, | |
| Appellant | No. 2025 WDA 2014 |

Appeal from the PCRA Order August 29, 2014
in the Court of Common Pleas of Washington County
Criminal Division at No.: CP-63-CR-0001722-2005

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MAY 05, 2015**

Appellant, Michael George Deep, appeals *pro se* from the order denying his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We take the following relevant facts from our review of the record.  On October 27, 2006, a jury convicted Appellant of two counts each of sexual assault, endangering the welfare of children, and corruption of minors related to his abuse of his minor step-daughter.  On March 22, 2007, the court sentenced Appellant to an aggregate term of not less than fourteen nor more than forty-four years' incarceration.  Appellant's post-sentence motions were denied by operation of law.  On April 15, 2009, a panel of this Court

_____

[*] Retired Senior Judge assigned to the Superior Court.

affirmed the judgment of sentence, and on October 20, 2009, our Supreme Court denied review. (**See Commonwealth v. Deep**, 974 A.2d 1179 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 982 A.2d 509 (Pa. 2009)).

On August 6, 2010, Appellant filed a counseled first PCRA petition. After issuing a Rule 907 notice of its intent to dismiss the petition without a hearing, **see** Pa.R.Crim.P. 907(1), the court formally dismissed the petition on September 27, 2010. On September 16, 2011, this Court affirmed in part, vacated in part, and remanded for an evidentiary hearing on Appellant's claim that trial counsel was ineffective for failing to meet with him prior to trial. (**See Commonwealth v. Deep**, No. 1592 WDA 2010, unpublished memorandum, at *8, *11 (Pa. Super. filed Sept. 16, 2011)).

After remand, the PCRA court held the ordered hearing on December 19, 2011. On May 22, 2012, the court dismissed Appellant's petition. On September 13, 2013, this Court affirmed the dismissal and, on February 20, 2014, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. (**See Commonwealth v. Deep**, 87 A.3d 382 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 86 A.3d 232 (Pa. 2014)).

On February 24, 2014, Appellant filed a *pro se* second PCRA petition. On March 18, 2014, the PCRA court issued a Rule 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a response to

the notice on March 31, 2014, and, on April 8, 2014, the court dismissed the petition as untimely. On July 11, 2014, Appellant filed a motion to file an appeal *nunc pro tunc*, which the court granted the same day. On July 31, 2014, Appellant filed a notice of appeal from the court's April 8, 2014 order.

On August 21, 2014, while his appeal of the PCRA court's April 8, 2014 order was still pending, Appellant filed a third PCRA petition *pro se*. On August 29, 2014, the court dismissed Appellant's petition on the basis of **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000). (**See** Order, 8/29/14, at 1).

On September 17, 2014, Appellant discontinued his appeal of the PCRA court's April 8, 2014 order. On September 23, 2014, Appellant timely[1] appealed from the PCRA court's August 29, 2014 order dismissing his PCRA petition on the basis of the pending appeal.[2]

Appellant raises seven questions for our review:

I.    Whether the case should be remanded back to the PCRA court for review of the matters raised herein[?]

_____

[1] Appellant's notice of appeal was docketed on November 23, 2014. However, pursuant to the Prisoner Mailbox Rule, because Appellant is incarcerated, we deem his notice of appeal filed on the date that he handed it to prison officials for mailing. **See Commonwealth v. Feliciano**, 69 A.3d 1270, 1274 n.2 (Pa. Super. 2013); (**see also** Cash Slip, 9/23/14, at unnumbered page 1).

[2] The PCRA court did not order Appellant to file a Rule 1925(b) statement, but it filed a Rule 1925(a) opinion on September 8, 2014. **See** Pa.R.A.P. 1925.

II.    Whether the [PCRA] court erred in denying relief based on trial counsel's ineffective assistance by failing to utilize compulsory process or requesting a continuance when Dr. Brandstetter could not testify in order to acquire the testimony of Dr. Brandstetter for the purposes of trial[?]

III.    Whether the [PCRA] court erred in denying relief based on trial counsel's ineffective assistance by failing to request that [Appellant's] expert be able to examine the alleged victim[?]

IV.    Whether the [PCRA] court erred in denying relief based on trial counsel's ineffective assistance in failing to object or attempt to suppress Dr. Squires' testimony[?]

V.    Whether the [PCRA] court erred in denying relief based on trial counsel's ineffective assistance in failing to object to the **Brady**[3] violation where evidence regarding Dr. Squires' examination was willfully withheld from the defense[?]

VI.    Whether the [PCRA] court erred in denying relief based on trial counsel's ineffective assistance in failing to request a bill of particulars and, therefore, failed to prepare a meaningful defense where [Appellant] had alibi defenses regarding several of the alleged offenses[?]

VII.    Whether the [PCRA] court erred in denying relief based on trial counsel's ineffective assistance by prematurely filing [Appellant's Rule] 1925(b) [s]tatement of [errors] [c]omplained of on [a]ppeal prior to disposition of post-sentence motions, thereby barring [Appellant's] appellate attorney from raising meritorious issues on appeal . . . [?]

(Appellant's Brief, at 2-3).

Our standard of review for an order denying PCRA relief is well-settled:

This Court analyzes PCRA appeals "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012[, *appeal denied*, 64 A.3d 631 (Pa. 2013)]. Our "review is

_____

[3] **Brady v. Maryland**, 373 U.S. 83 (1963).

limited to the findings of the PCRA court and the evidence of record" and we do not "disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." ***Id.*** Similarly, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." ***Id.*** (citations omitted). "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. . . ." ***Id.***

***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Here, the PCRA court dismissed Appellant's third PCRA petition pursuant to ***Lark***, ***supra*** because his prior PCRA appeal still was pending in this Court. (***See*** Order, 8/29/14, at 1) (citing ***Lark***, ***supra*** at 588). Appellant argues that his third petition was timely because he "obtained after-discovered evidence" and the PCRA "does not explain that a petition filed based on newly-discovered evidence may not be filed until the outcome of any pending PCRA or appellate proceedings." (Appellant's Brief, at 7). Appellant's argument lacks merit.

Similar to the case here, in ***Lark***, ***supra***, the appellant argued that, although the PCRA "directs an appellant to file a subsequent PCRA petition within sixty days of the discovery of new grounds for relief, [it] does not explain how to proceed if an appeal of a prior PCRA petition is currently pending." ***Lark***, ***supra*** at 587. In considering this argument, the Pennsylvania Supreme Court stated:

> Appellant could not have filed his second PCRA petition in the court of common pleas while his first PCRA petition was still pending before this [C]ourt. **The trial court had no**

**jurisdiction** to adjudicate issues directly related to this case; only this [C]ourt did. . . .

We now hold that **when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S.[A.] § 9545(b)(1) applies. The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first "date the claim could have been presented."** 42 Pa.C.S.[A.] § 9545(b)(2).

*Lark*, *supra* at 588 (footnote omitted; emphases added); *see also*

*Commonwealth v. Steele*, 961 A.2d 786, 808-09 (Pa. 2008) (observing

that an appellant must file a second PCRA "within sixty days of the date of

the order that finally resolves the first PCRA petition . . . .") (citing *Lark*,

*supra* at 588); *see also* Pa.R.A.P. 1701(a) (Generally, "after an appeal is

taken . . . the trial court . . . may no longer proceed further in the matter.").

Here, Appellant's appeal of the denial of his second PCRA petition was

pending in this Court when he filed his third PCRA petition. (*See* Notice of

Appeal, 7/31/14, at 1; Third *Pro Se* PCRA Petition, 8/21/14, at 1).

Therefore, based on the foregoing precedent, Appellant's argument lacks

merit. *See Steele*, *supra* at 808-09; *Lark*, *supra* at 588; *see also*

Pa.R.A.P. 1701(a). Hence, the PCRA court properly dismissed Appellant's

third PCRA petition on the basis that he was prohibited from filing a third

PCRA petition while the appeal of the denial of his second petition was pending.[4] ***See Rigg***, ***supra*** at 1084.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2015

_____

[4] Moreover, we are not persuaded by Appellant's reliance on ***Lark's*** citation to *Corpus Juris Secondum* (CJS), Appeal and Error, in support of his argument that, because he discontinued his appeal of the order denying his second PCRA petition on September 19, 2014, we should remand this matter for an evidentiary hearing in the PCRA court. (***See*** Appellant's Brief, at 7).

First, we observe that CJS section 20 no longer contains the language quoted in ***Lark***. ***See Lark***, ***supra*** at 588; 4 C.J.S. Appeal and Error § 20. Second, even if it did, the language is not pertinent to our review because, by its plain meaning, the section applied to the **effect on the appellate court** where an appellant files a second **appeal** while a first is pending, which is not the situation before us. ***See Lark***, ***supra*** at 588 (citing 4 C.J.S. Appeal and Error § 20). Indeed, ***Lark*** relied on this language to support the well-settled principle that "[a] second appeal cannot be taken when another proceeding of the same type is already pending." ***Id.*** Therefore, we do not find Appellant's argument legally persuasive.

[5] Because of our disposition, we decline to address the issues raised in Appellant's statement of questions involved. (***See*** Appellant's Brief, at 2-3).